IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA

LORI EVANS, on behalf of herself and
all others similarly situated,　　　　　　　　　　　　PLAINTIFF

v.　　　　　　　　　　　　　　　　　　　　　　CIVIL ACTION NO. 5:21-cv-00278

JEFFERSON CAPITAL SYSTEMS, LLC,　　　　　　DEFENDANT

## CLASS ACTION COMPLAINT

COMES NOW, the Plaintiff, Lori Evans, by counsel, individually and on behalf of all others similarly situated, and states as follows:

### NATURE OF THE CASE

1. This action arises as a result of the Defendant, Jefferson Capital Systems, LLC, (hereinafter "Defendant," "Jefferson Capital" or "Debt Collector") transmitting private information about consumers, including their status as debtors, the amounts allegedly owed, and the entity to whom the debt was originally incurred, to third-parties for the purpose of creating dunning letters and mailing the same on behalf of Defendant Jefferson Capital in an attempt to collect debt from Plaintiff and class members in violation of their privacy rights.

### JURISDICTION AND VENUE

2. The Court has jurisdiction over this class action under 28 U.S.C. §1331 and 15 U.S.C. §1692, *et seq*.  The Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this jurisdiction pursuant to 28 U.S.C. §1391(b)(2).

### PARTIES

4. The Plaintiff, Lori Evans, is a resident of Raleigh County, West Virginia.  At all times relevant during the debt collection, she was also a resident of West Virginia.

5. The Defendant, Jefferson Capital Systems, LLC, conducts business in this County and State and maintains a principal place of business in St. Cloud, Minnesota.

## BACKGROUND

6. The Defendant is an entity engaged in debt collection activities in this state and a debt collector engaged in debt collection as those terms are defined in the *West Virginia Consumer Credit and Protection Act* ("WVCCPA"), *West Virginia Code* § 46A-2-122; and the *Fair Debt Collection Practices Act* ("FDCPA"), 15 U.S.C. §1692a.

7. A "debt collector" is "any person or organization engaging directly or indirectly in debt collection." *West Virginia Code* § 46A-2-122(d), 15 U.S.C. §1692a(6).

8. Defendant sent debt collection letters to Plaintiff and similarly situated West Virginians which were attempts to collect a claim from a West Virginia consumer in violation of *West Virginia Code* § 46A-2-126, §46A-2-126, 15 U.S.C. §1692c(b), and 15 U.S.C. §1692e.

9. Upon information and belief, the debt collection (or "dunning") letters sent to Plaintiff and similarly situated consumers were created and mailed by a third party from a location in Charlotte, North Carolina.

10. Upon further information and belief, the third party who mailed the dunning letters to the Plaintiff, and similarly situated consumers on Defendant's behalf, created those letters from the consumers' private information communicated to it by the Defendant.

11. Upon further information and belief, the third party who mailed the letters on Defendant's behalf is an "other person" as that term is used in 15 U.S.C. §1692c(b) and W.Va. Code §46A-2-126(c)

12. The debt collection letters directed that correspondence be sent directly to the Defendant in St. Cloud, Minnesota.

13. However, upon information and belief, Defendant directed the Plaintiff and similarly situated consumers to send their payments to various third parties located throughout the country including but not limited to Chicago, Il., and Birmingham, Al, without disclosing that the payments, and private information necessarily contained therein, was being directed to a third-party.

14. Defendant is liable for the acts of its employees, agents, representatives, coconspirators, affiliates, and related entities under the theories of respondent superior, agency, conspiracy, joint venture, joint enterprise, as parents-subsidiaries or under corporate veil piercing. Accordingly, Defendant is equally, co-extensively, and jointly and severally liable for each and every act of its employees, agents, representatives, co-conspirators, and related entities. Where reference is made herein to Defendant and its employees, agents, representatives, co-conspirators or related entities, the Plaintiff intends that any such act, conduct or reference is attributable to the Defendant through these theories of vicarious liability.

15. As a result of Defendant's conduct, Plaintiff was forced to retain counsel thereby incurring attorney fees and costs.

## CLASS ALLEGATIONS

16. Ms. Evans brings this action individually and, on behalf of all others similarly situated, under Rule 23 of the *Federal Rules of Civil Procedure*.

17. The class of consumers represented by Ms. Evans in this action is defined as:

> All persons with a West Virginia address who were sent collection letters within one year of the filing of this claim by an undisclosed third-party on behalf of Jefferson Capital, where the third-party created the collection letters from information provided by Jefferson Capital.

18. As the result of the violation of the FDCPA, Ms. Evans and the class of consumers that she represents are entitled to recover from the Defendant Jefferson Capital: actual damages, statutory penalties pursuant to the FDCPA, 15 U.S.C. §1692(k).

19. Defendant uses standardized letters.

20. The class can be readily identified by collection activity logs, claim records and computer storage devices or databases, maintained by Jefferson Capital and/or its employees, representatives, or agents.

21. The class is so numerous that joinder of all class members is impracticable. The precise number of class members and their addresses are unknown to Ms. Evans; however, they are readily available from Defendant's records. Class members may be notified of the pendency of this action by mail, supplemented (if deemed necessary or appropriate by the Court) by published notice.

22. This action involves questions of law and fact common to the class which predominate over questions affecting individual class members.

23. Ms. Evans' claims are typical of the claims of the class because, among other things, Ms. Evans, like the other members of the class, was subjected to a Jefferson Capital's transmittal of her personal information that is required to be protected under the WVCCPA and the FDCPA, *West Virginia Code* § 46A-2-126, §46A-2-127, 15 U.S.C. §1962c(b), and §1692e.

24. Ms. Evans has displayed an interest in vindicating the rights of the class members, will fairly and adequately protect and represent the interest of the class, and is represented by skillful and knowledgeable counsel. Ms. Evans' interests do not conflict with those of the class and the relief sought by Ms. Evans will inure to the benefit of the class generally.

25. The questions of law and fact that are common to the class members predominate over questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy between the class members and Defendant.

26. The actions of Jefferson Capital are generally applicable to the class as a whole and to Plaintiff. For example, the class members can prove the elements of their claims against Defendant for violations of the WVCCPA on a class-wide basis using the same evidence that Ms. Evans and individual class members would use to prove those claims in individual civil actions.

27. Additionally, the damages or other financial detriment suffered by individual class members is relatively small compared to the burden and expense that would be required to individually litigate each of the class member's claims against Jefferson Capital and it would be impracticable for the class members to individually seek redress for Defendant's wrongful conduct.

28. Even if the members of the class could afford individual litigation, given the expected size of the class, separate litigation of each class member's claims against Jefferson Capital would create the potential for inconsistent and/or contradictory judgments, and cause delay and increase the expenses for the parties and the court in adjudicating the claims against Jefferson Capital. Conversely, a class action will prevent far fewer management difficulties, provide the benefits of a single adjudication, conserve time, effort, and expense, employ comprehensive and cohesive supervision by a single court, and provide a forum for small claimants.

29. The prosecution of separate actions by the individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual class members which would establish incompatible standards of conduct for Defendant. Moreover, the likelihood

that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.

30. Jefferson Capital has acted on grounds generally applicable to the class, thereby making appropriate final injunctive relief with respect to the members of the class as a whole.

31. Any difficulties in management of this case as a class action are outweighed by the benefits that a class action has to offer with respect to disposing of common issues of law and fact on issues affecting a large number of litigants.

32. The damages in this case are set by statute and generally preclude the necessity of a case-by-case assessment of damages by the court. To the extent case-by-case assessment is necessary, Defendant maintains computerized individual account information, and that information can easily be reviewed and assessed electronically.

33. Ms. Evans' claims are typical of those of the class as a whole, and Ms. Evans is capable of and willing to represent the other members of the class.

## CLASS CLAIM
### (VIOLATION OF THE FDCPA, 15 U.S.C. §1692c(b))

34. Jefferson Capital violated the FDCPA, 15 U.S.C. §1692c(b), by communicating private information about the consumer Plaintiff and all other consumers similarly situated, without the prior written consent of the consumers, with a third party or "other person" in connection with the collection of any debt.

**WHEREFORE,** Plaintiff Lori Evans prays that the Court enter judgment against the Defendant and for the Plaintiff and the Class for the Class Claim for the following:

1. Actual and compensatory damages for the Plaintiff and class members' general and special damages as set forth above;

2. An award of interest, costs, and attorney fees for Plaintiff and class members; and

3. Such other relief as the Court deems equitable and just for Plaintiff and class members.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

          **LORI EVANS, on behalf of herself and all others similarly situated**

          BY COUNSEL

Hamilton, Burgess, Young
 & Pollard, *pllc*

BY:  /s/ Steven R. Broadwater, Jr.
   Steven R. Broadwater, Jr. (*W. Va. Bar #11355*)
    sbroadwater@hamiltonburgess.com
   *Counsel for Plaintiff*
   P. O. Box 959
   Fayetteville, WV 25840
   304-574-2727