UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

LORI EVANS,
*on behalf of herself and all
others similarly situated*,

        Plaintiff,

v.                                         CIVIL ACTION NO. 5:21-cv-00278

JEFFERSON CAPITAL SYSTEMS, LLC,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending is Defendant Jefferson Capital Systems, LLC ("Jefferson") Motion to Compel Arbitration and Dismiss Proceedings [Doc. 13], filed August 11, 2021.

**I.**

In September 2016, Lori Evans contracted with Verizon Wireless ("Verizon") for mobile phone service. Ms. Evans signed an agreement, which incorporated by reference a Customer Agreement. The Customer Agreement contained an Arbitration Agreement. [Doc. 14 at 2]. Ms. Evans was required thereunder to make monthly payments on an installment loan. [Doc. 14 at 8]. In April 2018, Ms. Evans' account was suspended for failure to pay. [Doc. 14 at 2]. Verizon assigned to Jefferson its rights under the Customer Agreement. [Doc. 14-1 at 4]. The Arbitration Agreement defined the matters subject to arbitration as follows:

> Except for Small Claims Court Cases that Qualify, any dispute that in any way relates to or arises out of this agreement or from any equipment, products, and services you receive from us (or from any advertising for any such products or services), including any disputes you have with our employees or agents, will be

>resolved by one or more neutral arbitrators before the American Arbitration Association ("AAA") or Better Business Bureau ("BBB"). You can also bring any issues you may have to the attention of Federal, State, or local government agencies, and if the law allows, they can seek relief against us for you.

[Customer Agreement, Doc. 14-2 at 19]. The Arbitration Agreement also prohibited class or collective arbitrations. [Doc. 14-2 at 20].

On May 4, 2021, Ms. Evans instituted this action [Doc. 1]. She alleges that Jefferson violated the Fair Debt Collection Practices Act by transmitting her private consumer information to third-parties for the purpose of mailing collection notices. [Doc. 1 at 6]. Ms. Evans filed a First Amended Complaint on July 26, 2021, adding a claim under the West Virginia Consumer Credit Protection Act. [Doc. 11]. On August 11, 2021, Jefferson moved to compel arbitration pursuant to the Arbitration Agreement. [Doc. 14]. Ms. Evans responds that Jefferson cannot prove she agreed to arbitration with Verizon or Jefferson. [Doc. 17 at 1].

## II.

The Federal Arbitration Act provides that written agreements to arbitrate controversies arising out of an existing contract "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Courts apply a "strong federal policy in favor of enforcing arbitration agreements." *Hayes v. Delbert Servs. Corp.*, 811 F.3d 666 (4th Cir. 2016) (quoting *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 217 (1985)). However, a "party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *Mey v. DIRECTV, LLC*, 971 F.3d 284, 292 (4th Cir. 2020); *Levin v. Alms & Assocs., Inc.*, 634 F.3d 260, 266 (4th Cir. 2011). A "foundational FAA principle [is] that arbitration is a matter of consent." *Home Buyers Warranty Corp. v. Hanna*, 750 F.3d 427, 434 (4th Cir. 2014) (quoting *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S.

662, 684 (2010)).

Section 4 of Title 9 provides, "If the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof." 9 U.S.C. § 4; *Berkeley Cty. Sch. Dist. v. Hub Int'l Ltd.*, 944 F.3d 225, 234 (4th Cir. 2019). In *Hub*, the Court of Appeals stated, "Section 4 thus requires that the district court — rather than an arbitrator — decide whether the parties have formed an agreement to arbitrate." *Berkeley*, 944 F.3d at 234 (quoting *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 296 (explaining that dispute over formation of agreement to arbitrate "is generally for courts to decide")). To determine whether the parties formed an agreement to arbitrate, courts "apply ordinary state law principles governing the formation of contracts." *Chorley Enter., Inc. v. Dickey's Barbecue Rest., Inc.*, 807 F.3d 553, 563 (4th Cir. 2015) (citing *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)).

"In the Fourth Circuit, a litigant can compel arbitration if he can demonstrate '(1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect or refusal of the defendant to arbitrate the dispute.'" *Adkins v. Labor Ready, Inc.*, 303 F.3d 496 (4th Cir. 2002) (quoting *Whiteside v. Teltech Corp.*, 940 F.2d 99, 102 (4th Cir. 1992)).

### III.

The parties do not dispute that a controversy exists between them, that the transaction bears a relationship to interstate commerce, or that Ms. Evans refuses to arbitrate. The sole issue is whether there is "a written agreement that includes an arbitration provision which

purports to cover the dispute." *Adkins v. Labor Ready, Inc.*, 303 F.3d 496 (4th Cir. 2002) (quoting *Whiteside v. Teltech Corp.*, 940 F.2d 99, 102 (4th Cir. 1992)).

Jefferson contends that the Arbitration Agreement purports to cover the dispute because, as a valid assignee of Verizon's rights under the contract between Verizon and Ms. Evans, Jefferson has the right to enforce the Arbitration Agreement. [Doc. 14]. Ms. Evans responds Jefferson has failed to produce proof she agreed to arbitrate. [Doc. 17]. As noted, when the making of an arbitration agreement is at issue, the court must conduct a summary trial pursuant to 9 U.S.C. § 4.

Accordingly, the Court concludes the matter in controversy must be resolved by the summary trial provision of 9 U.S.C. § 4. Our Court of Appeals has noted that the determination of appropriate pretrial procedures is "reserved to the able lawyers for the parties and the sound discretion of our distinguished colleague on the district court." *Berkeley Cty. Sch. Dist.*, 944 F.3d at 242. The Court will set *infra* a pretrial conference at which those procedures will be established.

In advance thereof, counsel are **ORDERED** to consult respecting proposed procedures on or before [14 days prior to the pretrial conference]. Counsel should discuss, *inter alia*, whether minimal discovery is necessary and the timing of the required summary trial. *See Boyles v. Langmore Capital, LLC*, 2020 U.S. Dist. LEXIS 145612, *7 (M.D.N.C. 2020) (instructing the parties to consult about the appropriate summary trial procedure).

### IV.

The aforementioned pretrial conference is scheduled for **October 14, 2021,** at **11:00 a.m.** in **Beckley**.

The Court directs the Clerk to transmit a copy of this Memorandum Opinion and

Order to counsel of record and to any unrepresented party.

ENTER: September 23, 2021

Frank W. Volk
United States District Judge